### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| ULYANA GAVCHAK ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO.: 4:19-CV-2060 |
| ) | |
| ALLSTATE INSURANCE COMPANY ) | |
| ) | |
| DEFENDANT. ) | |

### COMPLAINT

COMES NOW the Plaintiff, ULYANA GAVCHAK, by and through her undersigned attorney, and for the relief hereinafter requested, alleges as follows:

### JURISDICTION

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiff, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

### VENUE

2. The property made the basis of this action is located at 6026 Woodbrook Ln., Houston, Texas 77008 (hereinafter referred to as the "insured property"). The insured property is situated in the Southern District of Texas, Houston Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072.

## PARTIES

3. The Plaintiff, ULYANA GAVCHAK, is an individual who was, and still is, the owner of the insured property and has been at all times material to the allegations set forth in this Complaint.

4. The Defendant, Allstate Insurance Company (hereinafter referred to as "Allstate") is a foreign licensed insurance company participating in FEMA's "Write Your Own" (WYO) program. Allstate issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Allstate is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy. Allstate can be served by serving its agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## FACTUAL ALLEGATIONS
## COMMON TO ALL COUNTS

5. On February 1, 2017, Allstate issued an SFIP to Plaintiff, namely, Policy No. 1803178241, for a one (1) year period which was in full force and effect on August 27, 2017, whereby Allstate agreed to pay the Plaintiff for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiff incorporates by reference, as a part hereof, the terms and provisions of the SFIP, Dwelling Form, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by Allstate to the Plaintiff during the above-referenced time period.

6. The SFIP issued to the Plaintiff covered flood damage to the Plaintiff's dwelling and other structures as described under Coverage A up to a limit of $193,300.00 (subject to a $2,000 deductible); Coverage B for contents up to a limit of $36,500.00 (subject to a $2,000 deductible) and costs incurred to comply with state or local flood plain management laws or ordinances affecting the repair or reconstruction of a structure suffering flood damage as described under Coverage D ( also known as Increased Cost of Compliance or I.C.C.) up to a limit of $30,000.

7. On or about August 27, 2017, the flood waters of Hurricane Harvey and/or the rain and storm water associated with Hurricane Harvey inundated the Plaintiff's land and the surrounding area causing flood waters to enter the Plaintiff's dwelling. As a direct and proximate result of the flooding, the Plaintiff suffered a direct physical loss to her dwelling and contents.

8. The Plaintiff timely notified the Defendant of the loss and the claim was inspected and adjusted by or on behalf of the Defendant. The Plaintiff's claim was denied, in whole or in part.

9. The Plaintiff disagrees with such denial of the claim and alleges that the action taken on the claim by Allstate does not comply with the terms and provisions of the SFIP and/or does not fully compensate the Plaintiff for the direct physical losses sustained as a result of the flood.

## COUNT ONE
## BREACH OF CONTRACT

10. The Plaintiff hereby adopts and incorporates by reference the allegations contained in Paragraphs 1 through 9 above as a part of Count One of this

Complaint.

11.     The Defendant has failed or refused to pay the full amount due under the policy and has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12.     As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiff has not been fully paid or compensated for damage to the insured building.

WHEREFORE, the Plaintiff demands judgment against the Defendant for an amount up to and including the coverage limits under Coverage A; any and all other amounts payable under said policy; costs and case expenses incurred in filing this action; and any and all other appropriate relief to which the Plaintiff may be entitled. Dated this 6th day of June, 2019.

> Martin L. Mayo and Associates, P.C.
>
> /s/ *Martin L. Mayo*
> Martin L. Mayo
> Federal Bar No. 6369
> State Bar No. 13297875
> 5005 Riverway Drive, Suite 450
> Houston, TX 77056
> Telephone: (713) 358-2140
> Facsimile: (713) 358-2141
> E-mail: mmayo@martinmayolaw.com